CUYAHOGA COUNTY COURT OF COMMON PLEAS
CUYAHOGA COUNTY OHIO
CIVIL DIVISION

| | |
|---|---|
| NICK DOLBIN,<br>12515 Countryside Dr<br>Strongsville, Ohio 44149<br><br>Plaintiff,<br><br>vs.<br><br>Officer Miller [F.N.U.]<br>Strongsville Police Department<br>18688 Royalton Rd.<br>Strongsville, OH 44136<br><br>-and-<br><br>Officer Whalen [F.N.U.]<br>Strongsville Police Department<br>18688 Royalton Rd.<br>Strongsville, OH 44136<br><br>-and-<br><br>City of Strongsville<br>18688 Royalton Rd.<br>Strongsville, OH 44136<br><br>-and-<br><br>John Doe 1-5<br>Names and addresses unknown<br>at this time<br><br>Defendants. | Case No. CV 17 875300<br><br>Judge David T. Matia |

Exhibit A

INTRODUCTION

1) This cause of action arose from the conduct of Defendants; Officer Miller, Officer Whalen and John Doe 1-5. Defendants Whalen and Miller, were investigating a call and entered the home and subsequently unlawfully charged the Plaintiff in violation of his constitutional rights. There was no justification for the conduct of the officers, and as a result, the Plaintiff seeks compensatory and punitive damages under federal and state law against the officers, as well as the City of Strongsville, which has inadequate policies and training in regard to the proper procedures involved in the case at bar. The Plaintiff also seeks declaratory and injunctive relief, attorney's fees, costs, and other relief as specified in this complaint.

JURISDICTION

2) This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution and pendent claims arising under the laws and Constitution of the State of Ohio. Venue is appropriate as this cause of action arose in the County of Cuyahoga.

PARTIES

3) The Plaintiff, Nick Dolbin (hereinafter "victim"), was at all times relevant herein, a resident of the City of Strongsville, County of Cuyahoga, Ohio.

4) Officers Whalen and Miller, at all times relevant herein, were employed as police officers for the City of Strongsville, Ohio, and were acting under color of state law. They are being sued in their individual as well as official capacities. John Doe has been named as there has been testimony regarding others which may have initiated some or all of the

2

claims contained in this complaint. Discovery will disclose the identity of an additional individual[s] whose identity cannot be ascertained prior to the pleadings deadline.

5) The Defendant, City of Strongsville, is a municipal corporation within the State of Ohio and at all times relevant herein, employed the respective Defendants as Police Officers and/or the like.

## FACTS

6) All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

7) On or about February 2, 2015, Defendants Whalen and Miller were acting in their capacity as Strongsville Police Officers. They were assigned to routine patrol duties on the date in question.

8) The Defendant police officers were dispatched to the Plaintiff's home in response to a complaint of barricading himself in his bedroom.

9) Defendant Officers arrived at house of Plaintiff who was *not* barricaded in his room and was at the residence by himself. It should be noted that the Plaintiff is an Ohio Peace Officer himself and has no prior criminal record.

10) Defendant police officers approached the home of the Plaintiff with their weapons drawn in an aggressive manner and contrary to policy

11) Even after realizing no criminal activity was occurring and there was no probable cause to enter Plaintiff's residence, The Defendant Police Officers unlawfully, and without privilege to do so, forced their way into the home of the Plaintiff.

3

12) The Defendant, police officers and others, then removed the victim and proceeded to place him under arrest.

13) Understanding that no probable cause existed and Plaintiff was at all times pertinent conducting himself in a lawful manner, said Defendant officers and others convinced the Plaintiff's wife to make false allegations so that they could manufacture charges against Plaintiff and otherwise arrest Plaintiff where no probable cause existed.

14) After the arrest of the victim, he was subsequently charged and proceeded to trial on all the events that transpired and ultimately acquitted from any wrongdoing.

15) It was not until after the trial and acquittal of the criminal charges and appeal for violation of a TPO that Plaintiff was made aware that the Defendants had initiated criminal charges against him in an effort to intimidate, and/or gain an unfair or illegal advantage against the Plaintiff.

16) As a result of his numerous violations of law, as more fully stated herein, the Defendants wrongfully caused the victim damages, as a result of their conduct alleged herein.

<u>FIRST CLAIM FOR RELIEF</u>
(42 U.S.C. § 1983)

17) All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

18) Defendant Officers actions were performed under color of law and deprived the victim of a federally protected right, in violation of Title 42 U.S.C. §1983.

4

19) Defendant Officers deprived the Victim of his right to be free from unreasonable searches and seizures in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

20) The actions of Defendant Officers were committed intentionally, maliciously and/or in a gross, wanton, unreasonable, and/or reckless manner.

21). As a direct and proximate result of the misconduct of the Defendants, the victim suffered injuries and damages as set forth in the Complaint.

## SECOND CLAIM OF RELIEF
(Governmental Liability)

22) All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

23) Defendant, City of Strongsville, has failed to adequately train and supervise its officers, including the Defendants herein, concerning proper police procedure and constitutional limitations relative to constitutional searches and seizures. These failures proximately caused the constitutional violations set forth in the Complaint.

24) Defendant, City of Strongsville, has failed to institute adequate policies and procedures governing proper procedures for the intervention of similar situations. The policies and procedures in place exhibit the City of Strongsville's deliberate indifference to the constitutional rights of citizens of the State of Ohio, including the Victim, and proximately caused the constitutional violations set forth in the Complaint.

Electronically Filed 02/01/2017 15:59 / / CV 17 875300 / Confirmation Nbr. 975923 / CLDMK

### THIRD CLAIM FOR RELIEF
(False Imprisonment)

25) All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

26) Defendants, by seizing and holding Plaintiff unlawfully in restraint of his physical liberty, without probable cause and without conducting a proper preliminary investigation to determine whether a crime had been committed, committed the tort of false imprisonment upon victim.

27) As a direct, proximate and foreseeable result of Defendants' actions, victim suffered damages.

### FOURTH CLAIM FOR RELIEF
(State Malicious Prosecution)

28) All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

29) Defendants, in instituting and continuing criminal charges and falsely accusing the Plaintiff of committing crimes without probable cause or lack thereof, solely in an effort to divert attention from Defendants wrongful acts, constitute malicious prosecution. In procuring the charges against the victim, the Defendants knew that no criminal activity was conducted on behalf of the Victim and continued through with a false allegations and charges through a trial on the various allegations.

30) The institution of the criminal proceedings was by, or at the instance of the Defendants and the termination of the proceedings were in favor of the victim as the victim was acquitted on *all* charges.

6

31) There was malice in the institution of the proceedings in that the Defendants' sought to misuse the judicial system and utilize the criminal proceedings to threaten, persuade, influence and/or otherwise pressure the Plaintiff.

32) As a direct, proximate and foreseeable result of Defendants actions, victim suffered including but not limited to financial injuries to defend the meritless accusations which were subsequently disposed of in favor of the victim.

### FIFTH CLAIM FOR RELIEF
(Federal Malicious Prosecution 42 U.S.C. §1983)

33) All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

34) Defendants, in instituting and continuing criminal charges and falsely accusing the Plaintiff of committing crimes without probable cause, lack thereof or reasonable grounds to support the original case, solely in an effort to divert attention from Defendants wrongful acts, as alleged in detail above, constitute malicious prosecution. In procuring charges against the victim, the Defendants knew that no criminal conduct was committed by the victim and wrongfully obtained charges and proceeded to trial with an improper purpose.

35) The Defendants played in active role in the criminal case including but not limited to: expediting a criminal case to be filed, speaking to the victim's wife indicating that they could not arrest victim for barricading himself in his residence as no evidence existed of the commission of an arrestable offense and indicated that an arrest could be made if

Electronically Filed 02/01/2017 15:59 / / CV 17 875300 / Confirmation Nbr. 975923 / CLDMK

victim's wife would only then allege domestic violence and a subsequent violation of an improper protection order

36) The institution of the criminal proceedings was by, or at the instance of the Defendants and the termination of the proceedings were in favor of the victim as he was acquitted of all charges.

37) There was malice in the institution of the proceedings.

38) As a direct, proximate and foreseeable result of Defendants actions, victim suffered including but not limited financial injuries to defend the meritless accusations which were subsequently disposed of in favor of the victim.

## SIXTH CLAIM FOR RELIEF
(Federal Abuse of Process 42 U.S.C. §1983)

39) All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

40) Defendants, while acting under the color of law, by instituting a legal proceeding in proper form and with probable cause, did so in attempt to accomplish an ulterior purpose for which it was not designed and; that proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and direct damage has resulted from the wrongful use of process.

41) The Defendants abuse of this process constitutes a deprivation of the Plaintiff's right to due process.

8

42) Defendants, in instituting the charge of domestic violence and a violation of an unlawful TPO/CPO against the Plaintiff, did so in attempt to accomplish an ulterior purpose for which it was not designed.

43) The victim was acquitted on all of the aforementioned charges;

44) As a direct, proximate and foreseeable result of Defendants actions, Plaintiff suffered direct damage.

### SEVENTH CLAIM FOR RELIEF
(State Claim for Abuse of Process)

45) All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

46) Defendants, by instituting a legal proceeding in proper form and with probable cause, did so in attempt to accomplish an ulterior purpose for which it was not designed and; that proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and direct damage has resulted from the wrongful use of process.

47) The Defendants abuse of this process constitutes a deprivation of the Plaintiff's right to due process.

48) Defendants, in instituting the charge of domestic violence and protection order violation against the Plaintiff, did so in attempt to accomplish an ulterior purpose for which it was not designed; and

49) The victim was acquitted for all of the false allegations waged against;

9

50) As a direct, proximate and foreseeable result of Defendants actions, Plaintiff suffered direct damage.

## DAMAGES

51) As a direct and proximate result of the acts set forth in all of the Paragraphs above, the Victim sustained economic and non-economic damages, exclusive of the damages for violations of his civil rights including but limited to: not being able to see his daughter for 256 days; Not being reinstated to E. Cleveland police department making *in excess of* fifty thousand ($50,000.00) dollars a year plus pension; being turned down from a number of other law enforcement positions; Attorney fees; being removed from his residence for 256 days; and reserves the right for all other damages available in law and equity.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendants, jointly and severally, for:

(A) Compensatory and consequential damages for all the injuries identified in an amount to be determined by the Court, in excess of the Court's jurisdictional amount;

(B) Punitive damages in an amount to be determined at trial for the willful and malicious

Electronically Filed 02/01/2017 15:59 / / CV 17 875300 / Confirmation Nbr. 975923 / CLDMK

conduct of Defendants;

(C) Equitable relief, including, without limitation, that Defendant, City of Strongsville, be made to adopt an appropriate policy to prevent future instances of the type of misconduct described herein;

(D) Attorneys' fees, interest, the costs of this action and other costs that may be associated with this action or the aforementioned criminal action; and

(E) Any and all other relief that this Court deems equitable, necessary, and just.

A JURY IS REQUESTED TO HEAR THIS MATTER.

Respectfully submitted,

/s/ Marcus Sidoti    2/1/2017
Marcus Sidoti, 0077476
Jordan | Sidoti LLP.
Terminal Tower
50 Public Square, Ste. 1900
Cleveland, Ohio 44113
(216) 357-3350
marcus@jordansidoti.com
Attorney for Plaintiff

Electronically Filed 02/01/2017 15:59 / / CV 17 875300 / Confirmation Nbr. 975923 / CLDMK



NAILAH K. BYRD
CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
February 1, 2017 15:59

By: MARCUS S. SIDOTI 0077476

Confirmation Nbr. 975923

NICK DOLBIN             CV 17 875300

   vs.

OFFICER MILLER ET AL.        Judge: DAVID T. MATIA

Pages Filed: 11